IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00061-RM-KLM

TODD ERMENTRAUT,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Unopposed Motion to Stay Discovery** [#29]¹ (the "Motion"). In the Motion, Plaintiff asks the Court to stay discovery "through and including December 15, 2014," *Motion* [#29] at 3, "[i]n an effort to reduce possible unnecessary costs and litigation expense" and to provide "Defendant time to appraise and prepare an estimate of the damage to Plaintiff's home due to the September 29, 2014 storm." *Id.* at 2. Plaintiff then notes that "[s]cheduling order deadlines may be modified, at the discretion of the Court, upon a showing of good cause." *Id.* Plaintiff analyzes the requested relief applying the factors discussed in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), which governs "whether to extend or reopen discovery . . . ." *Id.* Here, however, Plaintiff seeks a stay of discovery. *Motion* [#29] at 3.

---

¹ "[#29]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Minute Order.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

When exercising its discretion to enter a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of nonparties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)).

In this case, a stay of all proceedings would apparently not prejudice or burden either Plaintiff or Defendant, as the Motion is unopposed. *Motion* [#29] at 1. Therefore, the Court finds that the first and second *String Cheese Incident* factors weigh in favor of a stay. With regard to the third factor, it is certainly more convenient for the Court to enter a stay while the parties make preliminary determinations regarding the basis of the litigation. The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of a stay. With regard to the fourth factor, there are no other nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay. With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.

Avoiding wasteful efforts by the Court and litigants serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#29] is **GRANTED**.[2] Accordingly,

IT IS FURTHER **ORDERED** that this case is **STAYED** through **December 15, 2014**.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for February 26, 2015 at 10:00 a.m. is **VACATED**. The Court will reset the Final Pretrial Conference, if necessary, after the stay is lifted.

IT IS FURTHER **ORDERED** that on or before **December 16, 2014**, the parties shall file either (1) a proposed amended scheduling order or (2) a joint motion requesting extension of the stay.

Dated: October 29, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] The Court notes that on October 17, 2014, Defendant filed its Motion to Exclude Testimony From John Kezer, Esq. [#26]. Plaintiff's response is due on November 7, 2014. D.C.COLO.LCivR 7.1(d). Plaintiff does not request a stay of the briefing schedule for that motion in the instant Motion. Accordingly, the Court does not address the briefing schedule for Defendant's Motion to Exclude Testimony From John Kezer, Esq. [#26] in this Order. If the parties wish to further preserve resources during the stay by suspending briefing of Defendant's Motion to Exclude Testimony From John Kezer, Esq. [#26], Defendant may file a motion seeking to withdraw its Motion to Exclude Testimony From John Kezer, Esq. [#26].